IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

```
DION ALEXANDER WALKER,        )
                              )
          Petitioner,         )
                              )
     v.                       )    NO. 1:12-CV-108
                              )
WARDEN, TERRE HAUTE FCI, and  )
INDIANA ATTORNEY GENERAL,     )
                              )
          Respondents.        )
```

**OPINION AND ORDER**

This matter is before the Court on the motion for leave to conduct discovery by Petitioner Dion Walker. For the reasons stated below, the Petitioner's request to conduct discovery is **DENIED**.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a mater of ordinary course." *Bracy v. Gramley,* 520 U.S. 899 (1997). Pursuant to Rule 6(a) of the Rules Governing Section 2254 cases in the United States District Courts, a habeas corpus applicant may not conduct discovery without specific leave of court.

This Petitioner seeks discovery of what he describes as "newly discovered evidence" (DE 2 at 1) which is not in the state court record and which has not been presented to the state courts. Section 28 U.S.C. 2254(b)(1)(A) provides that a state prisoner's application for a writ of habeas corpus shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." Before considering the

merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in the state courts. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). A district court may, however, only receive new evidence in very unusual circumstances.

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that —
>
> > (A) the claim relies on —
> >
> > > (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable: or
> > >
> > > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> >
> > (B) the facts underlying the claim would be difficult to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(d)(2).

This Petitioner does not meet the extraordinary requirements necessary to avoid the exhaustion requirement. Accordingly, there is no basis for the Court to allow him to conduct the discovery he seeks and the Petitioner's motion for leave to conduct discovery (DE 2) is **DENIED.**

**DATED: July 20, 2012**     /S/RUDY LOZANO, Judge
                             **United States District Court**

2