# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| DION ALEXANDER WALKER, | ) |
| Petitioner, | ) |
| v. | ) NO. 1:12-CV-108 |
| WARDEN, TERRE HAUTE USP and INDIANA ATTORNEY GENERAL, | ) |
| Respondents. | ) |

## OPINION AND ORDER

This matter is before the Court on Petitioner Dion Alexander's amended petition for writ of habeas corpus, Respondent Indiana Attorney General's[1] response to the Court's order to show cause and his supplemental response to order, and the Petitioner's traverse and his response to the Respondent's supplemental response to order. For the reasons set forth below, the petition is **DENIED**, the Petitioner is **DENIED** a certificate of appealability, and the Clerk is **DIRECTED** to close this case.

BACKGROUND

Petitioner Dion Walker, a prisoner confined at the United States Penitentiary at Terre Haute, Indiana, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1997 Allen County, Indiana, conviction for conspiracy to deal

---

[1] The Respondents are the Warden of the United States Penitentiary at Terre Haute, Indiana, and the Indiana Attorney General. The order to show cause entered by this Court directed only the Indiana Attorney General to respond to the petition. For the purposes of this memorandum, the Court will refer to Respondent Indiana Attorney General as "the Respondent."

in cocaine. On December 14, 2000, the Court of Appeals of Indiana affirmed the Petitioner's conviction on direct appeal (DE 9-2 at 2). The Petitioner did not ask the Indiana Supreme Court to review that decision. On June 27, 2008, Walker filed a petition for post-conviction relief which the trial court denied (DE 9-1 at 7-8). The Court of Appeals of Indiana affirmed the denial of post-conviction relief on October 28, 2010, and the Indiana Supreme Court denied transfer on August 4, 2011 (DE 9-3 at 3). Walker's fifteen year sentence on his 1997 Allen County conviction for conspiracy to deal cocaine fully expired on November 24, 2004, when Walker was discharged from the sentence (DE 9-4).

DISCUSSION

The Respondent asserts that the Petitioner is no longer in custody on his 1997 Allen County, Indiana, conviction, and argues that Walker may not attack that conviction by means of § 2254 because it is fully expired and is no longer open to direct or collateral attack in its own right. In the alternative, the Respondent asserts that the petition is untimely.

In his traverse, Walker argues that he is still in custody under his 1997 conviction because the court that sentenced him for his current conviction relied upon the 1997 conviction for conspiracy to deal in cocaine as "a basis for imposing an enhanced sentence on a conviction for which the petitioner is 'now' serving (in custody)" (DE 11 at 4). The Respondent concedes that "pleadings

2

filed in Walker's federal criminal proceeding indicate that the 1997 Allen County Conviction may have been used to enhance his federal sentence"[2] (DE 17 at 5). Accordingly, for the purposes of this memorandum, this Court will assume that Walker's 1997 state conviction was used to enhance his sentence for the federal conviction on which he is currently in custody.

Federal courts have jurisdiction to hear habeas corpus petitions from state prisoners only from persons who are "in custody pursuant to the judgment of a State court . . ." 28 U.S.C. § 2254(a); *see Maleng v. Cook*, 490 U.S. 488, 490 (1989). A petitioner must be "in custody" under the challenged conviction at the time he files his petition. *Id.*

> *Maleng* holds that when sentence A has expired but has been used to augment sentence B, the prisoner is "in custody" only on sentence B. The consequences of sentence A for sentence B do not yield continued "custody" on sentence A, the Court concluded. *Lowery* holds that a person in custody on sentence B may contend that *that* custody violates the Constitution if it was augmented because of an invalid sentence A.

*Crank v. Duckworth*, 905 F.2d 1090, 1091 (7th Cir. 1990) (emphasis in original). In order to be in custody on a conviction whose sentence has expired but was used to enhance the sentence of a conviction on which he is currently in custody, a habeas applicant

---

[2] The Respondent submits that "[a]ccording to Walker's plea agreement, his sentence was a mandatory minimum life sentence without release because he had two prior felony conviction in drug cases. Walker filed a stipulation of a prior felony conviction for the 1997 Allen County, Indiana conviction. The Judgement did not contain any indication as to the two prior felonies" (DE 17 at 5 n. 1).

3

must first establish a "positive and demonstrable nexus between the current custody and the prior conviction." *Lowery v. Young*, 887 F.2d 1309, 1312 (7th Cir. 1989).

By asserting that his 1997 conviction was used to enhance his current sentence, Walker has alleged a sufficient nexus between his current custody and his 1997 conviction to meet the first step of the Court's "in custody" analysis. But that does not end the Court's inquiry. The Court must also determine whether the 1997 conviction for conspiracy to deal in cocaine is still open to direct or collateral attack in its own right. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001).

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id.* at 403-04 (internal citation omitted). The only exception to this rule is where the prior conviction was obtained in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963), because the defendant was not appointed counsel. *Grigsby v. Cotton*, 456 F.3d 727, 730 (7th Cir. 2006). Because Walker does not assert that he was not represented by counsel at all stages of the proceedings against him that led to his 1997 conviction for conspiracy to deal in cocaine,

4

the *Gideon* exception does not apply here.

Under *Lackawanna v. Coss*, a fully-expired prior conviction becomes presumptively valid and may not be challenged in federal habeas review, even when it has been used to enhance current custody. The sentence for Walker's 1997 conviction is fully-expired, and, as the Respondent notes, the time limits established by 28 U.S.C. § 2244(d)(1) within which to challenge that conviction expired long ago.

Pursuant to § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a petition for writ of habeas corpus seeking federal collateral relief from a state conviction must be filed within one year from the latest occurring of four events. The one-year period of limitation runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review; (2) the date on which an unconstitutional impediment to appeal created by the state has been removed; (3) the date on which the constitutional right asserted was recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). The statute of limitations is tolled for that period during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000).

A conviction is normally final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time has expired for a petition for writ of *certiorari*. *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987). But if, as is the case here, a habeas petitioner fails to seek review in the state supreme court on direct appeal, his conviction becomes final when the time for seeking review in the state supreme court expires. *See, e.g., Riddle v. Kemna*, 523 F.3d 850, 853-55 (8th Cir. 2008) (en banc); *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007); *Pugh v. Smith*, 465 F.3d 1295, 1299-1300 (11th Cir. 2006).

Rule 57(C)(1) of the Indiana Rules of Appellate Procedure provides that a petition for transfer is due no later than thirty days after the adverse decision. The Court of Appeals of Indiana affirmed Walker's conviction for conspiracy to deal in cocaine on December 14, 2000 (DE 18-7). January 14, 2001, was a Sunday, and January 15, 2001, was a legal holiday, so Walker had until January 16, 2001, within which to seek transfer to the Indiana Supreme Court. Because the Petitioner did not file a petition to transfer by that deadline, his statute of limitations began to run on January 16, 2001, and he had one year from that date, or January 16, 2002, within which to file a petition for writ of habeas corpus petition, or within which to file a petition for post-conviction relief that would toll the statute of limitations period. The

Petitioner's statute of limitations expired under 2244(d)(1), on January 16, 2002, he has not suggested that his petition is timely under any of the other provisions of § 2244(d), and the record before the Court does not suggest that his petition is timely under any of the provisions of § 2244(d).

On June 27, 2008, Walker filed a petition for post-conviction relief which the trial court denied (DE 9-1 at 7-8). But that petition did not stay the statute of limitations, because the statute of limitations had run long before Walker filed his petition for post-conviction relief.

*Lowery v. Young* allows a person to attack a conviction on which he is no longer in custody where there is a "positive and demonstrable nexus between the current custody and the prior conviction," *Lowery v. Young*, 887 F.2d at 1312, but only if the earlier conviction is still open to direct or collateral attack in its own right. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. at 401-02. Walker's 1997 conviction is not now subject to direct or collateral attack in its own right because the statute of limitations ran on January 16, 2002. *See Martin v. Deuth*, 298 F.3d 669 (7th Cir. 2002) (petitioner was precluded from obtaining habeas relief on the basis of a prior conviction used to enhance his current sentence, because prior conviction was no longer open to attack in its own right and he did not allege that conviction was obtained in violation of *Gideon*).

7

CERTIFICATE OF APPEALBILITY

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must consider whether to grant the Petitioner a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484-85. First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* To obtain a certificate of appealability, the petitioner must satisfy both components. *Id.* at 485.

For the reasons stated in this memorandum, the Court concludes that Walker's petition for writ of habeas corpus is barred because his fully-expired 1997 conviction for conspiracy to deal in cocaine is no longer open to attack in its own right and may not be

8

challenged on federal habeas review. Walker has not established that jurists of reason could debate the correctness of this ruling or find a reason to encourage him to proceed further. Accordingly, this Court declines to issue Walker a certificate of appealability.

CONCLUSION

For the foregoing reasons, this Court **DENIES** the amended petition for writ of habeas corpus (DE 6)**, DENIES** the Petitioner a certificate of appealability, and **DIRECTS** the Clerk to close this case.

**DATED: March 8, 2013**                   /S/RUDY LOZANO, Judge
                                                       **United States District Court**