```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF INDIANA
                   FORT WAYNE DIVISION
```

DION ALEXANDER WALKER,        )
                              )
        Petitioner,            )
                              )
    v.                        )       NO. 1:12-CV-108
                              )
WARDEN, TERRE HAUTE USP and   )
INDIANA ATTORNEY GENERAL,     )
                              )
        Respondents.           )

## OPINION AND ORDER

On March 12, 2013, this Court denied Dion Walker's petition for writ of habeas corpus (DE 20). This matter is before the Court on the Petitioner's motion, pursuant to Fed. R. Civ. P. 59(e), to reconsider its denial of his petition for writ of habeas corpus (DE 22). For the reasons set forth below, the Petitioner's motion to reconsider is **DENIED**.

> Altering or amending judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. Vacating a judgment under Rule 60(b) is permissible for a variety of reasons, including mistake, excusable neglect, newly discovered evidence and fraud. While the two rules have similarities, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Rule 59(e), by contrast, requires that the movant "clearly establish" one of the aforementioned grounds for relief.

*Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (Citations omitted).

In its order denying Walker's petition for writ of habeas corpus, this Court held that *Lowery v. Young*, 887 F.2d 1309 (7th Cir. 1989), allows a person to attack a conviction on which he is

no longer in custody where there is a "positive and demonstrable nexus between the current custody and the prior conviction," *Id.* at 1312, but only if the earlier conviction is still open to direct or collateral attack in its own right. *Lackawanna Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001). This Court concluded that Walker's 1997 conviction is not now subject to direct or collateral attack in its own right because the statute of limitations  established by 28 U.S.C. § 2244(d) has expired. *See Martin v. Deuth*, 298 F.3d 669 (7th Cir. 2002) (petitioner was precluded from obtaining habeas relief on the basis of a prior conviction used to enhance his current sentence, because prior conviction was no longer open to attack in its own right and he did not allege that conviction was obtained in violation of *Gideon*).

In his motion to reconsider, Walker states the summary of his principal argument as whether he "presented a credible actual innocence claim based on new reliable evidence which should excuse him from the limitation period?" (DE 22 at 3). The answer to that question, in this circuit, is no. An actual innocence argument does not excuse a habeas petitioner from the limitation period. *Griffith v. Rednour*, 623 F.3d 1166, 1171 (7th Cir. 2010) ("Griffith has also sought rehearing en banc on the question whether a claim for actual innocence provides an exception to the statute of limitations in section 2244(d). Our circuit has said no, and there is already a circuit split on this issue"). "Prisoners claiming to be innocent,

like those contending that other events spoil the conviction, must meet the statutory requirement of timely action." *Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir.2005).

As a secondary argument, Walker suggests that this court abused its discretion by not giving him an evidentiary hearing to assess the credibility of his newly discovered evidence (DE 22 at 3). But because these claims are barred by the statute of limitations, there is no justification for conducting an evidentiary hearing on them.

For the foregoing reasons, the court **DENIES** the Petitioner's motion, pursuant to Fed. R. Civ. P. 59(e), to reconsider its denial of his petition for writ of habeas corpus (DE 22).

**DATED: April 5, 2013**                    /S/RUDY LOZANO, Judge
                                            **United States District Court**